**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X   Case No. 17-cv-01147

KENA JOHNSON, on behalf of herself individually
and all others similarly situated,

                                  Plaintiff,

                                                                         **CLASS ACTION**
                                                                          **COMPLAINT**

       -against-

CLIENT SERVICES, INC.,

                                  Defendant.
---------------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

        1.        This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted debt owed to Capital One Bank (USA), N.A. ("Capital One") originally incurred, if at all, for a personal, family or household purpose.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

9. The principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

10. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. Upon information and belief, defendant is a foreign business corporation incorporated in Missouri.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. Capital One alleged that plaintiff owed it a balance which had fallen into default.

14. Subsequent to the alleged default, defendant sent plaintiff a collection letter dated February 24, 2016.

15. Defendant sent plaintiff a letter dated February 24, 2016.

16. Subsequent to the alleged default, plaintiff received a collection letter from defendant dated February 24, 2016.

17. By the letter defendant was attempting to collect the Capital One debt.

18. By the letter defendant was attempting to collect the debt on behalf of Capital One.

19. Defendant used a mail vendor to mail the letter to plaintiff on behalf of defendant.

20. Defendant's letter was mailed to plaintiff on a date after February 24, 2016.

21. Defendant's letter was mailed to plaintiff within the one–year period immediately preceding the commencement of this action.

22. Plaintiff received defendant's letter within the one–year period immediately preceding the commencement of this action.

23. In the letter defendant stated that the balance of the debt was $411.22.

24. In the letter defendant further stated, in pertinent part:

"We are offering to settle this CAPITAL ONE BANK (USA), N.A. account for $206.00, which is less than the balance due.*
…

*We are required to inform you that information about certain amounts that are discharged as a result of a cancellation in principal of a debt may be reported to federal and state revenue authorities as required under applicable laws and regulations."

25. Upon receipt of defendant's letter and reading defendant's above statement regarding federal and state revenue reporting requirements, plaintiff felt she may get into trouble with the Internal Revenue Service and State of New York if she refused to pay the full balance of the claimed debt.

26. Upon receipt of defendant's letter and reading defendant's above statement regarding federal and state revenue reporting requirements, plaintiff believed, erroneously, that if she negotiated to settle the debt for less than the amount claimed defendant would report the amount cancelled to the federal and state revenue reporting authorities as income to her.

## AS AND FOR A FIRST CAUSE OF ACTION

<u>Intimidation of plaintiff by the revenue reporting requirement statement</u>

15 U.S.C. §§ 1692e and 1692e(2)(A)

27. Plaintiff re-alleges paragraphs 1-26 as if fully re-stated herein.

28. Defendant stated in its collection letter that the balance of plaintiff's debt was $411.22.

29. In its letter, defendant offered to settle the debt for $206.00 – which would mean a cancellation of $205.22.

30. In its letter, defendant included the statement ("revenue reporting requirement statement") that:

> "*We are required to inform you that information about certain amounts that are discharged as a result of a cancellation in principal of a debt may be reported to federal and state revenue authorities as required under applicable laws and regulations."

31. Defendant took pains in its letter to connect the settlement offer to the revenue reporting requirement statement by means on an asterisk.

32. Contrary to defendant's implication in the letter, no law required defendant to include the revenue reporting requirement statement in its collection letters.

33. Defendant did not offer to cancel an amount of principal of $600.00 or more in its collection letter to plaintiff.

34. Defendant's offered cancellation of $205.22 does not meet the $600.00 principal cancellation threshold required for reporting to the federal revenue authorities.

35. Defendant included the revenue reporting requirement statement in an effort to deceive and mislead plaintiff into thinking that the federal and state revenue authorities would get involved in the collection of the debt although there was no set of circumstances, based on defendant's settlement offer, in which the federal and state revenue authorities would be involved.

36. Defendant included the revenue reporting requirement statement in expectation that plaintiff, having been deceived, would then be misled into paying the debt without negotiating it out of fear that any cancellation would be reported to the federal and state revenue authorities.

37. Defendant included the revenue reporting requirement statement in an effort to deceive and mislead the least sophisticated consumer into thinking that the federal and state revenue authorities would get involved in the collection of the debt although there was no set of circumstances, based on defendant's settlement offer, in which the federal and state revenue authorities would be involved.

38. Defendant included the revenue reporting requirement statement in expectation that the least sophisticated consumer, having been deceived, would then be misled into paying the debt without negotiating it out of fear that any cancellation would be reported to the federal and state revenue authorities.

39. Further, defendant's use of an asterisk to connect the settlement offer to the revenue reporting requirement statement is meant to draw the attention of the reader to the statement and to put additional pressure and stress on plaintiff and the least sophisticated consumer to pay the full balance without negotiation so that there was no cancellation to report to the authorities as income to her.

40. Defendant's revenue reporting requirement statement in its letter falsely represents the legal status of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), by misleading plaintiff and the least sophisticated consumer into believing that the cancellation offered by defendant could be required to be reported to the federal and state revenue authorities, notwithstanding that the cancellation offered was less than the $600.00 threshold required for such reporting.

41. Defendant's revenue reporting requirement statement in its letter is also a false, deceptive and misleading representation used by defendant in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), in that the statement was inserted by defendant to intimidate plaintiff and the least sophisticated consumer into paying the debt without negotiation for fear of the reporting of a cancellation to the federal and state revenue authorities and for fear of getting into trouble with those authorities.

## CLASS ALLEGATIONS

42. Plaintiff re-alleges paragraphs 41 as if fully re-stated herein.

43. This action is brought on behalf of plaintiff and the members of a class. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as defendant's letter to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Capital One; (c) the collection letter was not returned by the postal service as undeliverable; (d) the collection letter offered to cancel an amount of debt of less than $600.00; and (e) the collection letter states, in sum or substance*:*

> "We are required to inform you that information about certain amounts that are discharged as a result of a cancellation in principal of a debt may be reported to federal and state revenue authorities as required under applicable laws and regulations."

44. The class does not include defendant or persons who are officers, directors, or employees of defendant.

45. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e and 1692e(2)(A) by inserting the revenue reporting requirement statement in its collection letters.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

46. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

47. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

49. As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 28, 2017.

    /s/ *Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com

- 11 -